### MARTEL & AL. vs. TUREAUD'S ESTATE.

When the en-
dorser of a
note is pre-
sent, and is a
party to an
instrument,
by reason of
which the
note was gi
ven which he
endorses, he
cannot claim
the protection
of the *lex
mercatoria.*
An act pas-
sed in a par-
ish judge's
office does not
require any
further regis-
try to give a
mortgage.

APPEAL from the court of probates of the parish of St. James.

MATTHEWS, J. delivered the opinion of the court. In this case the opposing creditors claim a mortgage and privilege on six arpens of land, fronting on the Mississippi, having the ordinary depth of forty, and ten slaves, &c.

For this mortgage and privilege they rely on certain acts passed in notarial form, copies of which appear in the record. The judge of probates decided against these privileges, and from that decision they appealed.

    The notarial acts, as exhibited in the record, establish the following facts. In the year

1821, one Vitan sold the land and slaves above mentioned to Rey, retaining in the act of sale a mortgage and privilege of vendor. In the following year, the vendor sold and transferred to Tureaud all the right which he had acquired from Vitan to the property, burthened with the mortgage and privilege aforesaid; under the consent of the of the original vendor, to whom the second purchaser undertook to pay the price.

In the year 1823, Vitan being indebted to Martel, and Hulin, the husband of the opponent Joly, gave to them negociable notes, endorsed by Tureaud, payable at specified periods, for the amount which he thus owed to them; and to secure the payment of said notes transferred to the creditors by notarial acts, a part of his mortgage and privilege on the land and slaves, which had been sold and transferred in the manner above stated, to the endorser, who was present, and became a party to the acts by which the transfer of mortgage and privilege took place, and thence promised and assumed to pay said notes which he had endorsed, and which are *paraphed ne varieter.* One of these notes, secured by the transfer of mortgage and privilege to Hulin, came

Eastern Dist.
June, 1827.

MARTEL&AL.
vs.
TUREAUD'S
EST,

by regular endorsement into the hands of Abat, who brought suit on it, and obtained judgment for the amount, accompanied by a decree justifying his right of privilege; which judgment was recorded according to law; and in consequence thereof he is placed on the tableau, as mortgagee creditor having a a general mortgage, but without any privilege resulting from the act of transfer made by Vitan, and the other two opponents as mere chirographary creditors.

The claims of all these persons are objected to *in toto*, in consequence of alleged default of notice to the endorser. As to the note on which judgment was obtained against him during his lifetime, this objection could surely have no place, unless on suggestion of fraud, which is not made. It is however, without foundation, in our opinion, in relation to all the claims.

It is true, that endorsers, according to the rules of commercial law, are not liable to pay notes or bills of exchange, unless under certain formalities in pursuing them; amongst which, demand of payment from the maker, and notice of refusal, are essential. But the notes in the present case ought not to be sub-

jected to the ordinary rules of commercial transactions. The endorser was present, an a party to the act made at the same time with them, by which the transfer of mortgage and privilege for security of payment was made; and in that act he expressly agreed to pay the amount for which they were drawn.

Eastern Dist.
June, 1827,

MARTEL & AL
vs:
TURRAUD'S
EST.

The next objection to the privilege claimed, is based on the want of registry of the note and acts under which the claims are made. The act of the territorial legislature of 1810, which provides for the registry of mortgages in the offices of the parish judges of the state, does not point out any particular manner in which they must be recorded. The second section of that law seems to require that they should be fully transcribed and placed in numerical order; it classes them with notarial acts; and among them enquirers would consequently examine. Any deed passed before a parish judge in his capacity as notary, relating to property within the limits of his parish, and containing a clause of hypothecation, and where entered at large on his notarial books of record, will answer all intendments of the law, without any transposition by further inscription. Acts transmitted from a different parish, which are hypo-

Eastern Dist.
June, 1827.

MARTEL & AL
vs
TUREAUD'S
EST.

thecary, will be transcribed into the same class of books, for recording in numerical order. The mortgage and privilege claimed by the appellants in the present case, result from the original sale of the property from Vitan to Ory, in which they were expressly retained by the seller. That sale was made by a notarial act, passed before the judge of the parish in which the property was situated, and remains on record in the archives of the place. When the judge became a party to acts by which he acquired an interest in the property, and by which, with his consent, the first seller transferred his right of mortgage and privilege to the appellants, they were passed before justices of the peace and witnesses, and afterwards duly enregistered in the offices of the parish judge on the notarial side of that office.

We are of opinion that these acts have been made and recorded in such a manner as to maintain the lien and privilege on the property sold, to secure payment of the price, and that they have been legally transferred to the opponents in the present case.

It is therefore ordered, adjudged and decreed, that the judgment of the court of pro-

bates be avoided, annulled and reversed, so far as it affects the claims of the appellant: and it is further ordered, adjudged and decreed, that the cause be remanded to said court, with instructions to place them on the tableau, as mortgagee and privileged creditors on the land and negroes sold by Vitan to Ory, and from him transferred to Tureaud, since deceased: and it is further ordered, that the appellee pay costs in both courts.

*Seghers* for the plaintiff, *Moreau* for the defendants.